UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : No. 24-cr-230 (ABJ) |
| | : |
| ZIMARIE BRYANT, | : |
| | : |
| Defendant. | : |

## STATEMENT OF OFFENSE IN SUPPORT OF GUILTY PLEA

### I. Summary of the Plea Agreement

Defendant Zimarie Bryant agrees to admit guilt and enter a plea of guilty to Counts One and Three of the Indictment, respectively charging him with Possession with Intent to Distribute Marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D), and Unlawful Possession of a Machinegun, in violation of 18 U.S.C. § 922(o).

In this case, the penalty for Count One is:

1. a maximum sentence of 5 years of imprisonment;
2. a fine not to exceed $250,000;
3. a term of supervised release at least two years to follow any period of incarceration; and
4. a special assessment of $100.

In this case, the penalty for Count Three is:

1. a maximum sentence of 10 years of imprisonment;
2. a fine not to exceed $250,000;
3. a term of supervised release of not more than three years to follow any period of incarceration; and
4. a special assessment of $100.

The United States Sentencing Guideline § 5E1.2 permits the Court to impose an

1

ZB 3/13/25

additional fine to pay the costs of imprisonment and any term of supervised release and/or probation.

## II. Elements of the Offenses

The essential elements of the offense of Possession with Intent to Distribute Marijuana in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D), each of which the Government must prove beyond a reasonable doubt, are that:

1. the Defendant knowingly possessed marijuana; and
2. at the time he did so, he intended to distribute some or all of the controlled substance to another person or persons.

The essential elements of the offense of Unlawful Possession of a Machinegun, in violation of 18 U.S.C. § 922(o), each of which the Government must prove beyond a reasonable doubt, are that:

1. the Defendant knowingly possessed a machinegun (that is, a firearm that shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger); and
2. at the time he did so, he knew it was a machinegun.

## III. Brief Statement of the Facts

The following statement of facts does not purport to include all of the Defendant's illegal conduct or the conduct of others. It also does not purport to be an inclusive recitation of everything that the defendant heard, knew, or witnessed concerning the illegal activities of himself or others. It is intended to represent sufficient information for the Court to find a factual basis for accepting the defendant's guilty plea.

Had this case gone to trial, the Government's evidence would have proved the following beyond a reasonable doubt:

ZB 3/13/25

1. On August 31, 2023, FBI agents went to an apartment in the 3600 Block of Jay Street, NE, Washington, D.C., to execute a federal arrest warrant for a person other than the Defendant. The apartment is in the Paradise neighborhood of the District, where the Defendant is known to frequent and have ties. Agents knocked on the door but did not gain entry for more than 20 minutes. Other individuals were present at the time the warrant was executed, including the Defendant.

2. Agents obtained a search warrant to search the apartment and recovered numerous firearms and other items. One of the firearms they recovered was a 9mm, Glock 45, serial number BNTU269, affixed with a machinegun conversion device (or "switch"). This weapon was later test fired by ATF and was able to be fired fully automatically.

3. There was an empty 9mm magazine found in one bedroom. There was a 9mm round in the closet of another bedroom, and other loose 9mm ammo found in still another bedroom. Also recovered from a bedroom was approximately 12 pounds of marijuana.

4. The Defendant was present at the search but released.

5. Further, lawfully obtained messages from the Defendant's Instagram account from around the time of the search acknowledge his presence at the scene. In the afternoon of August 31, 2023, the date of the search warrant execution, the Defendant—who goes by "CruddyMarie" on Instagram—sent an Instagram message to another user saying, "I was just locked up and got picked up by the fbi". In a separate conversation that same day, another Instagram user asked him, "Ever found some thunder 1" "? *", which refers to marijuana. The Defendant responded, "I had some but fbi ran in our spot and took everything".

6. The DNA mixture from the Glock was interpreted as coming from four individuals. After comparing the DNA obtained from the gun to swabs from known individuals, including the

ZB 3/13/25

Defendant, it was determined that it was 5.6 septillion (i.e., $5.6 \times 10^{24}$) times more likely that the Defendant and three unknown, unrelated people were DNA contributors than four unknown, unrelated people were contributors.

7. After his May 30, 2024, arrest in the instant case, the Defendant stated to another individual words to the effect of, "they got my switch, they say they got my switch" and "I don't know how [. . .] they know the switch was mine."

8. On May 30, 2024, the Defendant was arrested at a residence in Southeast Washington, D.C. Agents began trying to enter the apartment building at approximately 6:05 a.m. Among the items recovered was a disassembled Glock 19 9mm handgun, two 9mm magazines with 15 rounds each, a black scale, and two additional 9mm rounds.

9. The Defendant admits that he possessed—solely or jointly with other individuals in the apartment searched on August 31, 2023—some of the marijuana recovered, and that he did so with the intent to distribute it to others. He acknowledges that he is accountable for at least 2.5 kg but less than 5 kg of marijuana. He further acknowledges that he possessed the Glock with the switch, and that he did so in connection with his possession of marijuana with the intent to distribute it. He also acknowledges that he knew at the time of his possession of that firearm that it was a machinegun.

Respectfully Submitted

EDWARD R. MARTIN, JR.
United States Attorney

By: /s/ Solomon S. Eppel
SOLOMON S. EPPEL
Assistant United States Attorney

ZB 3/13/25

## DEFENDANT'S ACCEPTANCE

I have read every page of the Government's proffer of evidence relating to my guilty plea. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Agreement. I am satisfied with the legal services provided by my attorney in connection with this Agreement and matters related to it.

Date: 3/13/25        *Zimarie Bryant*
                     Zimarie Bryant
                     Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read every page constituting the government's proffer of evidence related to my client's guilty plea. I have reviewed the entire proffer with my client and have discussed it with him fully. I concur in my client's agreement with and acceptance of this proffer.

Date: 3/13/25        *K-WL*
                     Kevin E. Wilson, Esquire
                     Attorney for Defendant